IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| TREY MINOR and JONATHAN BAKER, )<br><br>Plaintiffs )<br><br>v. )<br><br>DUSTIN FOSTER, Individually and in his official capacity as a Deputy, )<br><br>Defendant ) | No. 4:04-cv-62 |

## MEMORANDUM OPINION

This is an action brought under the First, Fourth and Eighth Amendments for alleged violations of the plaintiffs' constitutional rights resulting from their arrests and incarceration. The original complaint also alleges supplemental state law theories of false arrest and malicious prosecution. Currently pending is the defendant's motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure [Court File #17] and plaintiffs' second motion to amend their complaint [Court File #19]. For the reasons that follow, defendant's motion to dismiss will be granted and plaintiffs' second motion to amend will be denied.

I.

*Factual Background*

The plaintiffs have filed an original complaint and a first amended complaint and are currently seeking to file a second amended complaint. Only the original complaint was filed within the requisite one-year statute of limitations period. Plaintiffs contend that all of their allegations set out in the two amended complaints relate back to the filing of the original complaint under Rule 15(c), Federal Rules of Civil Procedure. Defendant denies that the allegations of the amended complaints relate back to the original filing and, without relation back, the original complaint does not state a claim upon which relief can be granted. Accordingly, it is important to consider which factual allegations were alleged in the original complaint and which arose only later in the amended complaints.

Plaintiffs' original complaint alleges that in October 2002, defendant Dustin Foster requested that plaintiff Trey Minor remove signs supporting opposition to Sheriff Foster's re-election. Further, on August 8, 2003, Officer Foster was on route to an accident involving plaintiff Minor's sister, traveling with no blue lights illuminated. Officer Foster pulled over plaintiffs Minor and Baker while they were traveling within the speed limit and then allowed them to proceed to the scene of the accident. Approximately five minutes after the two plaintiffs arrived at the scene of

2

the accident, Deputy Foster appeared at the scene, approached plaintiff Minor, pointed his finger in his face, and told him to "calm down." Plaintiff Minor advised Officer Foster that he was calm under the circumstances and suggested that Deputy Foster investigate the wreck. Minor also told Foster to get his finger out of his face. Foster then threatened the plaintiff to "shut his mouth and get back or he was going to jail." Minor asked Foster why he was going to take him to jail, as he had done nothing wrong. Plaintiffs allege at this point that Foster pushed the plaintiff and sprayed him in the eyes with mace/pepper spray.

Minor immediately put his hands over his eyes and got ice from a cooler to ease the pain. As Minor was rinsing his eyes, Deputy Foster sprayed him in the face a second time. Plaintiffs contend that this use of force was unnecessary as Minor posed no threat to anyone.

Deputy Foster then put his hand on plaintiff's shoulder and advised him that he was under arrest, at which time plaintiff Baker asked the officer to let Minor alone until he could get the mace out of his eyes. Foster immediately arrested plaintiff Baker due to his association with plaintiff, handcuffed him and escorted him to the patrol vehicle.

3

When Minor asked why his cousin Baker was being arrested, Officer Foster maced him again, up his nose and in the mouth. Minor began to have trouble breathing and begged Deputy Foster to stop. Plaintiffs contend that Minor's mother came to assist him holding a water hose for him to wash his eyes, but Deputy Foster sprayed the mace into the water and sprayed the plaintiff again. Minor's mother asked Foster to allow her to wash her son's face, at which time Foster sprayed the plaintiff again. Foster jumped on plaintiff's back and grabbed his arms to place him under arrest. Plaintiffs contend that as these events were occurring, Minor's mother continuously pleaded with Deputy Foster to leave her son alone and give attention to the automobile accident.

Ultimately, Deputy Foster's father, Sheriff Mike Foster, arrived on the scene. Minor's mother attempted to approach Sheriff Foster, but Sheriff Foster told her that if she did not shut her mouth he was going to arrest her for disorderly conduct. Plaintiffs contend that at no point did Deputy Foster or Sheriff Foster investigate the automobile accident.

Plaintiffs claim that Deputy Foster perpetrated an initial seizure of both plaintiffs by arresting them without probable cause. In subsequent proceedings, Deputy Foster allegedly continued to rely upon and provide misleading and knowingly false testimony from which the Franklin County Grand Jury found no

probable cause and refused to indict the plaintiffs. Plaintiffs contend that the defendant's motive for the arrest and malicious prosecution was in retaliation for the plaintiffs' exercise of First Amendment rights to engage in political activity and support the candidate of their choice.

Plaintiffs' amended complaint added additional allegations including that, as a direct and proximate result of Franklin County's failure to properly train the defendant with respect to the proper use of force in administering pepper spray, plaintiff Minor suffered physical injury in violation of his right protected by the Fourth Amendment to be free from unreasonable and excessive force. Further, the amended complaint alleges that the actions of the Franklin County Sheriff and his deliberate acquiescence in and ratification of the defendant's conduct was the "moving force" behind the deputy's deprivation of plaintiffs' civil rights protected by the First and Fourth Amendments. Further, plaintiffs contend that Franklin County has a policy of allowing deputies to participate in arrests before being properly trained.

Finally, plaintiffs' propose in their second amended complaint to add allegations that the Sheriff of Franklin County failed to properly supervise the conduct of Deputy Foster on August 8, 2003. Further, the Sheriff implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the

5

defendant. In addition, plaintiffs allege that the Franklin County Sheriff was deliberately indifferent to the rights of the plaintiffs and acted with deliberate indifference to the training needs of deputies employed to serve Franklin County.

II.

*The Relation Back Doctrine*

Initially, the court notes that plaintiffs' original complaint is directed at defendant Deputy Dustin Foster in both his personal capacity and in his official capacity as a deputy of the Franklin County Sheriff's Department. It is without dispute that such a claim against the deputy in his official capacity is actually a claim against Franklin County. Accordingly, the original complaint is against both Deputy Foster in his individual capacity and against Franklin County.

Rule 15(c), Federal Rules of Civil Procedure, allows an amendment to a pleading to relate back to the date the original pleading was filed when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." The United States Court of Appeals for the Ninth Circuit has noted with respect to the relation back doctrine the following:

6

> The relation back doctrine of Rule 15(c) is a bar to the statute of limitations. In deciding whether an amendment to state a new claim against the original defendant is proper, the policies underlying the statute of limitations are implicated. Thus, the amendment of a complaint is proper if the original pleading put the defendant on notice of the "particular transaction or set of facts" that the plaintiff believes to have caused the complained of injury. Fairness to the defendant demands that the defendant be able to anticipate claims that might follow from the facts alleged by the plaintiff.

*Percy v. San Francisco General Hosp.*, 841 F.2d 975 (9th Cir. 1988).

In the instant case, the only claims against the county are those alleging that the county had a custom or policy of sending officers out on patrol before they were adequately trained and of not training the officers adequately in the use of pepper spray. The original complaint in this action alleges only that Officer Foster used excessive force against the plaintiffs by repeatedly using the pepper spray. That original complaint makes no allegations with respect to his training. Accordingly, the defendant county would not have been able to anticipate that those claims might follow from the facts alleged by the plaintiffs. Therefore, I conclude that the amendments to the complaint alleging that the county had a custom or policy of not training its officers with respect to the proper use of pepper spray or sending untrained officers out on patrol does not relate back to the filing of the original

7

complaint. Without these allegations, plaintiffs' complaint does not state a claim upon which relief can be granted against the county.

Therefore, defendant Franklin County's motion to dismiss for failure to state a claim upon which relief can be granted [Court File #17] will be granted. Plaintiffs' second motion to amend their complaint [Court File #19] will be denied as futile.

Order accordingly.

*s/ James H. Jarvis*
UNITED STATES DISTRICT JUDGE