IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER


| | | |
|---|---|---|
| TREY MINOR and<br>JONATHAN BAKER, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | No. 4:04-cv-62 |
| | ) | |
| DUSTIN FOSTER, Individually and<br>in his official capacity as a Deputy, | ) | |
| | ) | |
| Defendant | ) | |

## **MEMORANDUM OPINION**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 under the First, Fourth and Eighth Amendments to the United States Constitution for alleged violations of the plaintiffs' constitutional rights resulting from their arrests and incarceration. Currently pending is the motion for summary judgment of the remaining defendant Dustin Foster [Court File #37]. For the reasons that follow, the motion will be denied.

# I.

*Factual Background*

The following factual allegations are considered in the light most favorable to the plaintiffs and are taken from the complaint and affidavits they have submitted.

Plaintiffs claim that in October 2002, defendant Dustin Foster requested that plaintiff Trey Minor remove signs supporting opposition to Sheriff Foster's re-election. Sheriff Foster is apparently the father of Dustin Foster.

On August 8, 2003, Officer Dustin Foster was in route to an accident involving Minor's sister, traveling with no blue lights illuminated. Officer Foster pulled over plaintiffs Minor and Baker and then allowed them to proceed to the accident scene. Approximately five minutes after the two plaintiffs arrived at the scene of the accident, Deputy Foster appeared at the scene, approached plaintiff Minor, pointed his finger in his face, and told him to "calm down." Minor advised Officer Foster that he was calm under the circumstances and suggested that Deputy Foster investigate the wreck. Minor also told Foster to get his finger out of his face. Foster then threatened the plaintiff to "shut his mouth and get back or he was going to jail." Minor asked Foster why he was going to take him to jail, as he had done nothing

wrong. Plaintiffs allege at this point that Foster pushed the plaintiff and sprayed him in the eyes with mace/pepper spray.

Minor immediately put his hands over his eyes and got ice from a cooler to ease the pain. As Minor was rinsing his eyes, Deputy Foster sprayed him in the face a second time. Plaintiffs contend that this force was unnecessary as Minor posed no threat to anyone.

Deputy Foster then placed his hand on plaintiff Minor's shoulder and advised him that he was under arrest, at which time plaintiff Baker asked the officer to let Minor alone until he could get the mace out of his eyes. Foster immediately arrested plaintiff Baker due to his association with Minor, handcuffed him and escorted him to the patrol vehicle.

When Minor asked why his cousin Baker was being arrested, Officer Foster maced him again, up his nose and in the mouth. Minor began having trouble breathing and begged Deputy Foster to stop. Plaintiffs contend that Minor's mother came to assist him holding a water hose for him to wash his eyes, but Deputy Foster sprayed the mace into the water and sprayed the plaintiff again. Minor's mother asked Foster to allow her to wash her son's face, at which time Foster sprayed the plaintiff again. Foster jumped on plaintiff's back and grabbed his arms to place him

3

under arrest. Plaintiffs contend that as these events were occurring, Minor's mother continuously pleaded with Deputy Foster to leave her son alone and give attention to the automobile accident.

Ultimately, Deputy Foster's father, Sheriff Mike Foster, arrived on the scene. Minor's mother attempted to approach Sheriff Foster, but Sheriff Foster told her that if she did not shut her mouth he was going to arrest her for disorderly conduct. Plaintiffs contend that at no point did Deputy Foster or Sheriff Foster investigate the automobile accident.

Plaintiffs claim that Deputy Foster perpetrated an initial seizure of both plaintiffs by arresting them without probable cause. In subsequent proceedings, Deputy Foster allegedly continued to rely upon and provide misleading and knowingly false testimony from which the Franklin County Grand Jury found no probable cause and refused to indict the plaintiffs. Plaintiffs contend that the defendant's motive for the arrest and malicious prosecution was in retaliation for the plaintiffs' exercise of First Amendment rights to engage in political activity and support the candidate of their choice.

II.

*Summary Judgment Standards*

Pursuant to Rule 56, summary judgment shall be rendered when requested if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. It is the burden of the party seeking summary judgment to show the court that, under uncontradicted facts, the moving party is entitled to judgment as a matter of law. Summary judgment is intended to provide a quick, inexpensive means of resolving issues as to which there is no dispute regarding the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In assessing the validity of a summary judgment motion, the court views the pleadings, depositions, answers to interrogatories, admissions, and competent affidavits in a light most favorable to the opponent of the motion. However, an opponent to a motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion,

5

against a party who fails to make a showing sufficient to establish the existence of an essential element of that party's case, and on which the party will bear the burden of proof at trial. *Catrett*, 477 U.S. at 322.

III.

*Analysis*

The court is of the opinion that plaintiffs have raised questions of material fact with respect to whether they were falsely arrested and maliciously prosecuted. There is evidence upon which a jury could conclude that their arrests were without probable cause and that their prosecution was based on knowingly false evidence. There is also evidence upon which a jury could reasonably conclude that Deputy Foster used excessive force on the plaintiffs by continually macing them in the face although they contend that they were putting up no resistance. In addition, there is evidence in the record upon which the jury could conclude that Deputy Foster's actions were taken against at least plaintiff Minor based on his support for the opposition to Sheriff Foster's re-election. Accordingly, summary judgment cannot be granted to defendant on any of plaintiffs' theories.

With respect to qualified immunity, it has long been established that arrests without probable cause and prosecutions based solely on false evidence are

6

illegal. Moreover, it is indisputable that a reasonable officer in defendant's place would know that the repeated macing in the face of a non-resisting citizen would constitute the use of excessive force. Accordingly, defendant is also not entitled to rely on the doctrine of qualified immunity.

IV.

*Conclusion*

In light of the foregoing, defendant's motion for summary judgment [Court File #37] will be denied.

Order accordingly.

<u>         **s/ James H. Jarvis**         </u>
UNITED STATES DISTRICT JUDGE